UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELI H. CORTES,

      Petitioner,

v.                                                                 CASE NO. 6:05-cv-271-Orl-31JGG

DONALD SHERMAN GLADISH, et al.,

      Respondents.

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely reply to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 14). Petitioner then filed a reply (Doc. No. 18), a supplemental reply (Doc. No. 19), and a second supplemental reply (Doc. No. 24).

Petitioner alleges five claims for relief in his habeas petition: first, that counsel was ineffective for failing to challenge the jurisdiction of the Statewide prosecutor; second, that counsel was ineffective because of a conflict of interest; third, that counsel was ineffective for failing to move to suppress the statement of a confidential informant; fourth, that counsel was ineffective for failing to preserve the trial court's denial of Petitioner's motion for a directed verdict; and fifth, that the written sentence entered by the trial court did not comport with the oral pronouncement at sentencing.

*Procedural History*

Petitioner and three other individuals were charged in a four-count amended information with the commission of various crimes. Petitioner was charged in counts one, three, and four. A jury trial was held, and Petitioner was found guilty as charged in the amended information. The trial court adjudicated Petitioner guilty of one count of conspiracy to traffic in heroin (count one) and two counts of trafficking in heroin (counts three and four) and sentenced him to imprisonment for a term of thirty years as to count one, ten years as to count three, and fifteen years as to count four, with all of the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

Petitioner then filed a petition for writ of habeas with the state appellate court, which was denied.

Finally, Petitioner filed a Rule 3.800 motion with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

*Claims One, Three, and Four*

Claims one, three, and four were raised in Petitioner's motion for postconviction relief. However, these claims were not raised in the appeal of the denial of the Rule 3.850 motion.

The failure to appeal claims one, three, and four results in a procedural default of those claims. *E.g., Hankins v. Delo*, 977 F.2d 396 (8th Cir. 1992) (the petitioner, who had his postconviction motion denied by the state trial court after an evidentiary hearing, was barred

from raising issues in his federal habeas petition which were not asserted on the appeal from the denial of his postconviction motion); *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.) (the petitioner waived ineffective assistance of counsel claim, even though it was raised in postconviction motion, because he failed to appeal the denial of postconviction motion), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings); *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal of its denial).[1]

There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception;[2] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception.  The entire record has been reviewed, and the Court concludes that Petitioner

---

[1]Although claim one was raised on direct appeal, ineffective assistance of counsel claims are not cognizable on direct appeal.  *See Hagen v. State*, 898 So. 2d 977 (Fla. 5th DCA 2005).  When a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court.  *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[2]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.")*; see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim one, three, and four are procedurally barred.

*Claim Two*

According to Petitioner, counsel was ineffective because of a conflict of interest. Petitioner maintains that his counsel also represented co-defendant Luis Monserrate, which caused the conflict of interest.

    *1.    Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>     (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the `unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas

relief is appropriate only if that application was "objectively unreasonable." *Id*. Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

   *2.   Governing Principle*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

The trial court utilized the standard set forth in *Strickland* in assessing Petitioner's claims. It is well established that *Strickland* is the controlling legal authority to be applied to ineffective assistance of counsel claims. *See Wellington v. Moore*, 314 F.3d 1251, 1260 (11th Cir. 2002).

   *3.   Discussion*

Claim two was raised in Petitioner's motion for postconviction relief, and the trial court denied it on the merits. The state appellate court affirmed the denial.

The trial court held a hearing on this matter prior to trial, and Petitioner and Mr. Monserrate specifically waived any potential conflict of interest as a result of the joint

representation. (Transcript of Hearing at 9-10.) At the hearing, the matter was carefully and methodically explained to Petitioner, and Petitioner indicated that he understood the explanation and chose to proceed with the representation. *Id*. at 5-10. There is no question that Petitioner voluntarily and knowingly waived any potential conflict of interest in this case.[3]

The Court finds that trial counsel's conduct was reasonable and that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Claim two, therefore, must be denied pursuant to section 2254(d).

*Claim Five*

Petitioner contends that the written sentence entered by the trial court did not comport with the oral pronouncement at sentencing.

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.

---

[3]In addition, "[in order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) (footnote omitted). Here, Petitioner has not met the "adverse affect" (prejudice) prong; *i.e.*, Petitioner has not shown that such a conflict of interest, assuming it existed, adversely affected the adequacy of his representation.

1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."), *cert. denied,* 434 U.S. 1020 (1978). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since this claim is based exclusively on state law issues that are merely "couched in terms of equal protection and due process," it must be denied. *Willeford*, 538 F.2d at 1198.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Eli H. Cortes is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 17th day of October, 2005.

Copies to:
pslc 10/17
Counsel of Record
Eli H. Cortes

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE