UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELI H. CORTES,

       Petitioner,

v.                                 CASE NO. 6:05-cv-271-Orl-31GJK

DONALD SHERMAN GLADISH, et al.,

       Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  On October 17, 2005, this Court denied the petition and dismissed the case (Doc. No. 25).[1]  Petitioner appealed, and the Eleventh Circuit Court of Appeals vacated and remanded to this Court for a determination of claims one, three, and four.  *See* Doc. No. 35.  Thereafter, Respondents filed a supplemental response addressing the merits of claims one, three, and four.  *See* Doc. No. 37.  Petitioner filed a reply to the supplemental response.  *See* Doc. No. 39.

In claims one, three, and four, Petitioner alleges that trial counsel rendered ineffective assistance by failing to: (1) challenge the jurisdiction of the Statewide prosecutor (claim one); (2) move to suppress the testimony of a confidential informant (claim three);

_____

[1]The procedural history is set forth more completely in the Court's October 17, 2005, Order.  *See* Doc. No. 25.

and (3) make an adequate motion for judgment of acquittal/directed verdict (claim four).

For the following reasons, these claims are denied.

## I.    Legal Standards

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim

adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006).  The meaning of the

clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d

831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case

> differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.    Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## II.  *Analysis*

### A.    *Claim One*

Petitioner asserts that counsel rendered ineffective assistance by failing to challenge the jurisdiction of the Statewide Prosecutor. In support of this claim, he argues that the amended information did not allege that an offense occurred in Volusia County, Florida, but the Statewide Prosecutor "repeatedly told [the] jury of supposed Volusia County

offenses and [the trial court] instructed [the] jury. . ." as to the offenses occurring in Volusia County.  (Doc. No. 39 at 7.)  Petitioner further maintains that "no evidence was presented to show that the Petitioner possessed drugs in Volusia and/or Brevard counties nor that he formed a conspiracy prior to entrance into Orange County."  *Id.* at 8.

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief, and the state trial court denied relief pursuant to *Strickland*.  (App. E at 170-72.)  In denying relief, the trial court reasoned:

> Defendant alleges counsel failed to challenge the jurisdiction of the Statewide prosecutor.  He acknowledges that the information filed in the instant case charged that he and his co-defendants conspired to traffic heroin in the Ninth, Fourteenth, and Eighteenth judicial circuits (Orange, Seminole, and Bay counties).  However, he argues that co-defendants Williams and Padilla were arrested while selling heroin in Orange County, and that he and co-defendant Monserrate were arrested in Orange County as well.  He further argues the prosecutor failed to present evidence at trial to establish a conspiracy in two or more judicial circuits.  He concludes that if counsel had filed a motion to dismiss for lack of jurisdiction, it would have been sustained.
>
> Defendant relies, inter alia, on *Winter v. State*, 781 So. 2d 1111 (Fla. 1st DCA 2001), for its holding that absent proof of an impact in other judicial circuits, the statutory requirement of affecting two or more judicial circuits was not satisfied, and [the] Statewide Prosecutor lacked authority to bring charges.  However, the Fifth District certified conflict with *Winter* and held that the Office of Statewide Prosecution has authority to prosecute even single-circuit crimes when they are related to multi-circuit criminal organizations.  *King v. State*, 790 So. 2d 477 (Fla. 5th DCA 2001), *rev. dismissed*, 820 So. 2d 941 (Fla. 2002), *cert. denied*, 123 S.Ct. 394 (2002).  Furthermore, in the instant case, the evidence presented at trial indicated that a multi-circuit conspiracy did exist and that it did have an impact in other judicial circuits.  *See* trial transcript, especially pages 36, 86-88, 117, 122-123, 132, 177). [sic] There were telephone calls between Defendant and co-defendant Padilla concerning the obtaining and furnishing of heroin, and a meeting was arranged.  Defendant and co-defendant Monserrate traveled between Daytona Beach in Volusia County, to the meeting point in Orlando in Orange

County, going through either Volusia or Brevard County along the way. This evidence was sufficient to show an impact in more than one county and to establish that while he was in Volusia County, Defendant formed the intent to sell heroin which was eventually seized in Orange County.

Based on the foregoing, this Court concludes that if counsel had filed a motion to dismiss case for lack of prosecutorial jurisdiction, there is no reasonable probability that the motion would have been granted. Therefore, Defendant has failed to establish that he was prejudiced by counsel's failure to do so.

*Id.* at 171-72.

The state court, citing *Strickland*, applied clearly established federal law when denying this claim. Thus, the remaining questions are whether the state courts' decision was contrary to, or an unreasonable application of, clearly established federal law or whether the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Pursuant to Florida law, the Office of the Statewide Prosecutor "must allege its jurisdiction on the face of the information 'and any conviction based upon an information which does not properly allege jurisdiction is void.'" *Winter v. State*, 781 So. 2d 1111, 1114 (Fla. 1st DCA 2001) (quoting *Zanger v. State*, 548 So. 2d 746, 748 (Fla. 4th DCA 1989). "[T]he statewide prosecutor has the power to prosecute crimes only if they involve two or more judicial circuits and are either part of a related transaction or part of an organized criminal conspiracy.'" *Id.* at 1116 (quoting *Zanger*, 548 So. 2d at 747). "As a general rule, . . . jurisdiction will be determined from the face of an indictment or information." *Id.* A defendant, however, can challenge the jurisdiction of the Statewide Prosecutor by showing that the facts do not support jurisdiction. *Id.*

6

The amended information in the instant case charges in pertinent part:

> Statewide Prosecutor for the State of Florida. . . charges that, between on or about March 28, 2000 [sic] and March 31, 2000, in the Ninth, Fourteenth, and Eighteenth Judicial Circuits, to-wit: Orange, Seminole, and Bay Counties, Florida, Eli Cortes, Luis Monserrate, Felix Padilla and Derek Williams did agree, conspire. . . with each other,. . . to traffic in 28 grams or more of heroin,. . . with the intent that the offense of trafficking in 28 grams or more of heroin be committed, and in furtherance of the conspiracy, [Defendants] did acquire heroin, . . . and make delivery of said heroin to prospective buyers. . . .

(App. A at 4.) Thus, from the face of the amended information, jurisdiction existed for the Statewide Prosecutor to prosecute the case because a mutli-circuit conspiracy was charged. Furthermore, the state court's determination that the testimony at trial demonstrated that a multi-circuit conspiracy existed and that it had an impact in judicial circuits other than the Ninth Judicial Circuit Court is not unreasonable in light of the evidence presented at trial.

Padilla testified that on March 31, 2000, he spoke with Petitioner, who was fishing, about getting heroin to distribute, and they scheduled a meeting.  (App. B at 85-89.) Petitioner testified that he and Monserrate were fishing all day on March 31, 2000, in Volusia County, after which they traveled to the location for the drug drop-off in Orlando in Orange County.  *Id.* at 117-22.  Moreover, Padilla testified that Williams, who was in Panama City, Florida, called him on March 30, 2000, about getting 40 grams of heroin for delivery the following day, after which Padilla called Petitioner to obtain the drugs.  *Id.* at 83-85.  Panama City is located in Bay County, Florida.  Thus, the evidence was sufficient to support the state court's findings that the Statewide Prosecutor had jurisdiction to

prosecute the case and that no prejudice resulted from trial counsel's failure to challenge the jurisdiction of the Statewide Prosecutor. Accordingly, this claim is denied pursuant to § 2254(d).

> **B.    Claim Three**

In claim three, Petitioner contends that trial counsel rendered ineffective assistance by failing to move to suppress the testimony of Padilla because he was a confidential informant/state agent. (Doc. No. 1 at 7.) Petitioner argues that Padilla testified that he did not telephone Petitioner to arrange a drug purchase until after he was arrested and had agreed to cooperate with the police. (App. 39 at 11.) As such, Petitioner maintains that any planning that occurred between himself and Padilla after Padilla's arrest could not support the conspiracy charge (count one) under Florida law because he was acting as a state agent. *Id.*

Petitioner raised claim three in his Rule 3.850 motion (App. E at 343-45), and the state trial court denied the claim pursuant to *Strickland*. (App. E at 170-71, 173-74.) The state court reasoned that

> The evidence presented at trial indicates that before Padilla was arrested and entered into the agreement to assist law enforcement, he called Defendant (identified as his supplier) and then he received the heroin from Defendant's brother. There was no agreement between Padilla and the police at that time; that is, the conspiracy was already formed and operational. Counsel had no basis to move to exclude his testimony about his pre-arrest activities, and there is no reasonable probability that such a non-meritorious motion would have been granted. Therefore, Defendant has failed to establish that counsel's performance was deficient.

8

*Id.* at 173 (internal citations omitted).  The Fifth District Court of Appeal of Florida *per curiam* affirmed.  (App. F.)

Florida courts have held that "[a] conspiracy is an express or implied agreement or understanding between two or more persons to commit a criminal offense." *Sheriff v. State*, 780 So. 2d 920, 921 (Fla. 4th DCA 2001).  "To prove the crime of conspiracy, the state must prove an agreement and an intention to commit an offense."  *Id.*  The offense of "[c]onspiracy is a separate and distinct crime from the offense that is the object of the conspiracy." *Id.* (citing *Ramirez v. State*, 371 So. 2d 1063, 1065 (Fla. 3d DCA 1979)).  Under Florida law, when "one of two co-conspirators is a government agent there can be no conspiracy." *Id.* (citing *King v. State*, 104 So. 2d 730, 732 (Fla. 1957)).

In the instant case, Padilla testified that, prior to his arrest and agreement to serve as a state agent, he spoke with Petitioner about Petitioner supplying him with 40 grams of heroin which Padilla and Williams intended to redistribute.  (App.  B at 83-86, 186-87.)  At that time, Petitioner agreed to supply Padilla with the 40 grams of heroin.  *Id.* at 86-88. Therefore, evidence was presented demonstrating that at the time the conspiracy was formed and entered into, Padilla was not a government agent.  As such, Padilla's testimony was evidence of a conspiracy to traffic heroin and was admissible.

The state court's determination that trial counsel did not render ineffective assistance by failing to move to suppress Padilla's testimony is not contrary to, or an unreasonable application of, federal law nor is it an unreasonable determination of the facts in light of the evidence.  Accordingly, claim three is denied pursuant to § 2254(d).

### C.    Claim Four

In claim four, Petitioner asserts that trial counsel rendered ineffective assistance by failing to adequately move for a judgment of acquittal or directed verdict.  Specifically, Petitioner asserts that counsel failed to argue in the motion for directed verdict and motion for judgment of acquittal that (1) the State's use of the aggregated quantity of heroin charged in counts three and four was insufficient to support the offense of conspiracy to traffic in 28 grams or more of heroin (count one); (2) the evidence was not sufficient to support a conviction for trafficking in 14 or more grams of heroin (count three) because Petitioner was not a party to the drug transaction as he "did not give the drugs to Mr. Padilla or Mr. Williams. . . ."; (3) the evidence was not sufficient to support a conviction for trafficking in 14 or more grams of heroin (count four) because the State's expert who tested the heroin failed to identify the drugs which were admitted at trial; and (4) Petitioner's sentence for conspiracy to traffic in 28 or more grams of heroin (count one) and sentences for trafficking in heroin (counts three and four) constitute a double jeopardy violation under Florida law.  *See* Doc. No. 2-2 at 6-15; *see also* Doc. No. 39 at 13-16

Petitioner raised portions of this claim in his Rule 3.850 motion.  *See* App. E at 343-53.  However, he did not raise the specific claim that trial counsel failed to move for a motion for directed verdict or judgment of acquittal based on a violation on the Double Jeopardy Clause of the Constitution of Florida.  *See id.*  The state trial court denied the remaining claims of ineffective assistance of counsel finding that they were procedurally barred.  (App. E at 173-74.)  The state court reasoned:

10

> the substance of his argument is not that counsel was ineffective, but that the evidence was insufficient to prove the charges against him.   Counsel's motion for judgment of acquittal was sufficient to preserve the sufficiency of the evidence for appellate review; therefore, the elements of this claim could have been, should have been, or actually were raised on direct appeal.

*Id.* at 174.   The appellate court *per curiam* affirmed.

Respondents contend that the claim is procedurally barred based on the state court's ruling and, alternatively, without merit.   One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.   28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).   Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
>
>          (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law.   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   Federal habeas courts must apply a three-part test to determine whether a state court's procedural ruling is independent and adequate:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (internal quotes and citations omitted).

In the instant case, Petitioner raised this claim with the exception of the double jeopardy allegation in his Rule 3.850 motion, and the state court expressly found that it was procedurally barred. Furthermore, the state court did not rely on federal law in denying the claim. Thus, the remaining question is whether the rule on which the state court relied to deny the claim was applied arbitrarily or in an unprecedented fashion.

A review of Florida law indicates that other Florida courts have held that an ineffective assistance of counsel claim premised on counsel's failure to articulate the specific shortcomings of the State's evidence in the motion for judgment of acquittal is cognizable in a Rule 3.850 motion. *See Boykin v. State*, 725 So. 2d 1203, 1203 (Fla. 2d DCA 1999) (holding that trial court erred in denying the ineffective assistance of counsel claim based on finding that the defendant "was attempting to raise in a postconviction motion matters that should have been raised on a direct appeal"). This Court concludes, therefore,

that the rule relied on by the state court to find that this claim was procedurally barred was applied arbitrarily; and the Court will consider the merits of claim four.[3]

As an initial matter, the Court notes that the state court determined that counsel's motion for judgment of acquittal was sufficient to preserve the sufficiency of the evidence claim for appellate review.  At the close of evidence, trial counsel moved for a judgment of acquittal as to all counts except count four based on the insufficiency of the evidence. (App. B at 185.)   More importantly, however, Petitioner has not established that a reasonable probability exists that the outcome of the trial would have been different had counsel raised the specific grounds in the motion for judgment of acquittal or motion for directed verdict that are alleged in the instant petition.

First, as discussed *supra*, Padilla was not a state agent when the conspiracy was formed.  *See* App.  B at 83-88, 186-87.  Thus, contrary to Petitioner's assertion, the conspiracy was not premised on the aggregation of the heroin amounts from the trafficking

---

[3]Because Petitioner did not raise the double jeopardy portion of this claim in the Rule 3.850 proceedings, the Court finds that this claim is procedurally barred from review in this Court.  Petitioner has not established the application of either the cause and prejudice exception or the fundamental miscarriage of justice exception to the procedural default rule.  Finally, even assuming that this portion of the claim is not procedurally barred, it is without merit.  The record establishes that the evidence was sufficient to support Petitioner's convictions for conspiracy to traffic 28 or more grams of heroin (count one) and trafficking in 14 or more grams of heroin (counts three and four).  Conspiracy to traffic and trafficking are separate offenses.  Thus, the sentences imposed for each of the convictions do not constitute a double jeopardy violation.  *See Sheriff v. State*, 780 So. 2d 920, 921 (Fla. 4th DCA 2001) (stating "[c]onspiracy is a separate and distinct crime from the offense that is the object of the conspiracy").

charges (counts three and four).  Instead, the conspiracy was evidenced by Padilla's testimony of the pre-arrest agreement to traffic 40 grams of heroin.

Second, Padilla testified that he received the 17 grams of heroin, which he subsequently sold to an undercover officer, from Petitioner's brother after Petitioner ordered his brother to give Padilla the heroin.  *See* App. B at 86.  Thus, evidence was presented demonstrating that Petitioner trafficked in 14 or more grams of heroin as charged in count three.

Finally, with respect to Petitioner's contention that the heroin at issue in count four was not identified by the State's expert, the record clearly refutes this contention.  The prosecutor questioned the expert regarding the heroin that had been marked as exhibit 5, which had previously been identified as the heroin confiscated after Petitioner's arrest.  (App. B at 65-68.)  The State's expert testified about the methods he uses to test heroin and then stated that exhibit 5 contained .2 grams.  *Id.* at 67.

Pursuant to Florida law, a motion for judgment of acquittal will be granted if the trial judge determines "'at the close of the evidence for the state or at the close of all the evidence in the cause . . . [that] the evidence is insufficient to warrant a conviction.'"  *Hudson v. State*, 711 So. 2d 244, 246 (Fla. 1st DCA 1998) (quoting Fl.  R. Crim. P. 3.380(a)).  As discussed above, there was sufficient evidence presented as to the offenses of which Petitioner was convicted.  As such, Petitioner has not established that trial counsel rendered ineffective assistance by failing to adequately move for a judgment of acquittal or directed verdict on the grounds raised in the petition.  Thus, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Claims one, three, and four of the Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Eli H. Cortes are **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 17th day of March, 2008.

Copies to:
sc 3/17
Counsel of Record
Eli H. Cortes

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**